UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEVEN B. BOWLING, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>PLAINFIELD CORRECTIONAL FACILITY, )<br>)<br>Respondent. ) | Case No. 1:16-cv-00855-WTL-MPB |

**Entry Denying Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

The petition of Steven Bowling for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. IYC 15-11-0132. For the reasons explained in this Entry, Mr. Bowling's habeas petition must be **denied**.

### A. Overview

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B.     The Disciplinary Proceeding

On November 12, 2015, Lieutenant Kent wrote a Conduct Report charging Mr. Bowling with assault/battery in violation of Code B-212.  The Conduct Report states:

> On 11/12/2015 I Lt. C. Kent completed my Report of Investigation on the assault of Offender Lawson, Calvin #196062. It was found on the camera system on 10/19/2015 at approximately 5:38pm of G-Unit Middle bed area camera that Offender Isaacs, Elijah #238167 had been engaged in a verbal confrontation with the Offender Yates Kevin #198425. After several minutes Offender Yates along with the following offenders Harris, Gary #249033, Forest, Antonio #149813, and Bowling, Steven #113869, began to strike offender Isaacs in the facial and body region with close handed fist. The fight continued in the middle of the bed area and then moved down toward the latrine door and lasted for approximately 5 minutes. After reviewing the video in the latrine area it was found that Offender Kelley, Travis #194195 exchanged words with Isaacs and then threw several closed handed punches striking Isaacs in the facial region.

Filing No. 18-1 at 1.

Lieutenant Kent also wrote a report summarizing his investigation, which states:

> On 10-21-2015 I Lt. C. Kent began investigating an assault that took place on 10-19-2015, that involved Offender Lawson, Calvin #196062. Offender Lawson had been found on 10/20/2015 with abrasions and contusion on his facial region. During the review of the camera for G-Unit Middle beginning at 5:38pm the following Offenders Cox, Recole #117225, Fox, Ramon #932844, Coleman, Demetrius #163662, Smith, Raymond #132440, and Keeylen, Kenneth #911471 were found to begin arguing with Offender Lawson and then began to assault him. The fight started in the middle of G-Unit bed area and continued down rows 3 and 4 toward the back. While reviewing the camera at the same time and in the same location Offender Isaacs, Elijah #238167 can be seen being assaulted by Offender Yates, Kevin #198425 G2 2U, Harris Gary #249033, Forest, Antonio #149813, and Bowling, Steven #13869 by striking him with closed fist in the facial and body region. After monitoring the cameras for the bed area I began to monitor the camera for the latrine area when Offender Isaacs can be seen passing by Offender Kelly, Travis #194195. The 2 offenders had a short conversation and then moved toward the sink area where offender Kelly is observed striking offender Isaacs multiple times and then they separate and walk away. Offender Lawson is then seen stumbling in to the latrine area and attempted to exit through the dayroom when offender Carson, Anthony #178561 began pushing and pulling the offender away from the door and in to the shower not allowing the offender to exit the dorm. During questioning of the offenders involved in the assault, none of them would admit to anything taking place and or what the Assault was over. Offender Isaacs claims that he was just sticking up for Lawson and that what happened was wrong.

> When questioning offender Lawson he claims that the other accused him of stealing a package but they had the wrong guy.

Filing No. 18-1 at 2-3.

Mr. Bowling was notified of the charge on November 17, 2015, when he received the Screening Report. He plead not guilty to the charge and, among other things, requested the video of the incident. The hearing officer determined that allowing Mr. Bowling to view the video would jeopardize the safety and security of the facility, thus he prepared a video summary. The video summary states:

> On the date and time above, I DHO J Faudree reviewed the G Unit latrine/G Unit middle cameras for an incident that occurred on 10/19/15. After reviewing the cameras I clearly observed at 5:42:48PM Offender Yates #198425 with his right fist strike Offender Isaacs #238167 in the jaw. Isaacs then returns with a strike with his right fist to Offender Yates jaw. Yates then grabs Isaacs and puts him in a head lock. At 5:42:50PM Offender Harris #249033 and Offender Smith #132440 both strike Offender Isaacs what looked to be the side of the torso area. At 5:42:51PM Offender Bowling #113869 is clearly observed kicking Offender Isaacs with his left foot in the torso and head area and Offender Harris is clearly observed kicking Isaacs with his right foot striking him in the torso and head area. At 5:42:53 Bowling is observed striking Isaacs with his right fist in the head and back. This happens multiple times. Then I clearly observed at 5:49:35PM Offender Isaacs walk up to Offender Kelly #194195 in the latrine and they begin to argue. At 5:49:41PM I clearly observe Kelly strike Isaacs in the head with his fist followed by multiple strikes to the face and head.

Filing No. 18-3 at 1.

A hearing was held on December 6, 2015. Mr. Bowling stated at the hearing that he was "not guilty" and had "nothing else to say." Filing No. 18-4. Based on Mr. Bowling's statement, the staff reports, the witness statements, and the video summary, the hearing officer found Mr. Bowling guilty. The hearing officer recommended and approved sanctions including a thirty-day earned-credit-time deprivation.

### C. Analysis

Mr. Bowling raises multiple issues in his habeas petition, which together amount to a sufficiency of the evidence challenge. The respondent maintains that the evidence was more than sufficient to support the hearing officer's finding of guilt. Mr. Bowling did not file a reply.

The "some evidence" standard applied to challenges regarding the sufficiency of the evidence is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted).

Mr. Bowling argues that several inconsistencies in the evidence undermine its sufficiency. He asserts that there are inconsistencies between the Conduct Report and the video evidence, and inconsistencies between video evidence and Officer Kent's account. The only specific inconsistency alleged by Mr. Bowling is that the Conduct Report states the incident lasted ten to fifteen minutes while the video evidence states that Mr. Isaacs is not assaulted until 5:42 p.m.

Mr. Bowling's attempt to paint the evidence as contradictory and thus insufficient is unpersuasive. As an initial matter, even if the evidence was not entirely consistent, due process "does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Hill*, 472 U.S. at 457. It instead "requires only that there be some evidence to support the findings made in the disciplinary hearing." *Id.* Inconsistent evidence can meet this standard.

Moreover, as to the alleged timing discrepancy, the various pieces of evidence are not inconsistent. The Conduct Report describes the overall altercation as beginning at 5:38 p.m., but

states that, "[a]fter several minutes," Mr. Bowling assaulted Mr. Isaacs. Filing No. 18-1 at 1. This is consistent with the video evidence, which reveals that Mr. Bowling assaulted Mr. Isaacs at 5:42 p.m., which is indeed "several minutes" after 5:38 p.m. Filing No. 18-3 at 1. Therefore, even if the purported inconsistencies could undermine the sufficiency of the evidence, the evidence here is not inconsistent.

In the end, the Conduct Report alone "provides 'some evidence' for the . . . decision." *McPherson*, 188 F.3d at 786, and it is corroborated by the investigation report and the video evidence, all of which demonstrate that there was sufficiency evidence that Mr. Bowling committed assault and battery. Because there is "some evidence" supporting the hearing officer's decision, Mr. Bowling is not entitled to habeas relief.

### D.  Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Bowling to the relief he seeks. Accordingly, Mr. Bowling's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 11/16/16

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

STEVEN B. BOWLING
113869
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391

Electronically Registered Counsel